UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH NIMMONS,

        Petitioner,

        V.

DEBORAH SCHULT[1], Warden,

        Respondent.

**REPORT AND RECOMMENDATION**

07-CV-927
(LEK/VEB)

---

## I. INTRODUCTION

Petitioner Keith Nimmons, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Ray Brook, New York. In 2002, Petitioner was convicted in the United States District Court for the Eastern District of New York on charges of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); 924(e)(1). Petitioner does not challenge his conviction. Rather, he challenges a restriction on his telephone use.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 8).

## II. BACKGROUND

**A.**    **Facts**

---

[1] In his Petition, Petitioner spells Warden Schult's name as "Schultz," however, the correct spelling is "Schult." This Court directs the clerk of the court to correct the spelling of Respondent's name in the docket to "Schult."

In February of 2005, an incident report was filed against Petitioner charging him with the introduction of narcotics at FCI Ray Brook and using the telephone to further criminal activity. The investigation of the incident report concluded that Petitioner used the Inmate Telephone System ("ITS") to bring narcotics into FCI Ray Brook with the help of an associate and ex-inmate. (Docket No. 7 Exhibit E). Thereafter, a Discipline Hearing Officer ("DHO") conducted a hearing on the charges and determined the evidence supported a finding that Petitioner committed a Prohibited Act Offense Code 297: Non-Criminal Phone Abuse (high severity)(suggestive of a Code 111A). (Id.). Petitioner received a sanction of: (1) thirty (30) days disciplinary segregation; (2) disallowance of 27 days Good Conduct Time; (3) 540 days telephone restriction; and (4) one (1) year visiting restriction. (Id.).

Following the determination and sanction by the DHO, the Special Investigative Supervisor ("SIS") Office determined that Petitioner should receive a "Public Safety Factor" ("PSF") of Serious Telephone Abuse,[2] based upon Petitioner's history of serious phone abuses including the incident report discussed above. (Docket No. 7 at Exhibit G). In March of 2005, Petitioner received the PSF classification of Serious Telephone Abuse. (Id.). In December of 2006, the warden restricted Petitioner's telephone use to fifteen (15) minutes per month. (Docket No. 7 at Exhibit H). In January of 2007, the warden approved increasing Petitioner's telephone privilege to sixty (60) minutes per month. (Docket No. 7 at Exhibit I). Petitioner's telephone privilege time was later extended, after he filed the instant petition, to ninety (90) minutes per month in December of 2007. (Docket No. 7 at

---

[2]There are eleven (11) categories of PSFs used to classify the inmate population: (1) Disruptive Group; (2) Greatest Severity; (3) Sex Offender; (4) Threat to Government Officials; (5) Deportable Alien; (6) Sentence Length; (7) Violent Behavior; (8) Serious Escape; (9) Prison Disturbance; (10) Juvenile Violence; and (11) Serious Telephone Abuse.

Exhibit K).

### B. Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on September 7, 2007, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). Petitioner does not challenge the decision of the DHO, rather, in his Petition, Petitioner asserts that the subsequent PSF classification of "Serious Phone Abuse" was a "violation under the double jeopardy clause, showing that Petitioner is being punished twice for the same incident." (Docket No. 1).  Petitioner asserts that he is "challeng[ing] the extra sanction" because the DHO's finding that Petitioner committed a Prohibited Act Offense Code 297 does not "fall under any Public Safety Factor." (Id.).  Petitioner is requesting that this Court grant him relief in the form of restoring his full 300 minutes per month of telephone privileges.  (Docket No. 1).

For the reasons that follow, the Petition should be DENIED.

### III. DISCUSSION

#### A. Federal Habeas Corpus Standard

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to prisoners who challenge the execution of their sentence, rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001); see also Carmona v. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir.2001) (deciding petitioner's § 2241 claim was proper

3

because he was seeking credit for prior time spent in detention).  A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence.  See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003) (explaining that § 2241 is the means by which a petitioner can challenge the Bureau of Prisons' calculation of credit to be given for other periods of detention); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

### B.    Loss of Telephone Privileges

As set forth above, Petitioner neither challenges the DHO's determination with respect to the incident report against him, nor the sanctions imposed by the DHO.  (Docket No. 1).  Rather, Petitioner contests his PSF classification leading to the restriction on his telephone privileges.  It is well established that a prisoner cannot challenge the loss of such privileges by way of a habeas corpus petition under 28 U.S.C. § 2241 (" § 2241").  See Homen v. Hasty, 229 F.Supp.2d 290, 295 (S.D.N.Y. 2002).

Sanctions "that result in the loss of commissary and other non-custodial privileges have only a tangential and speculative impact on the imposition of future administrative sentences imposed on a prisoner."  Hinebaugh v. Wiley, 137 F.Supp.2d 69, 76 (N.D.N.Y.2001); see also Homen, 229 F.Supp.2d at 295 (holding that prisoner's challenge to his loss of telephone privilege was not cognizable on habeas review).  These sorts of privileges are "not 'close to the core of habeas corpus' in the sense that expunging them from the prisoner's record does not definitively alter the terms and duration of his confinement."  Hinebaugh, 137 F.Supp.2d at 76.

Moreover, Petitioner's claim is based upon an alleged violation of the Double Jeopardy Clause because he had already been sanctioned for his telephone abuse by the DHO. However, it is well-settled that prison disciplinary hearings are not considered part of a criminal prosecution, Wolff v. McDonnell 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974), and such hearings do not implicate the Double Jeopardy Clause. See Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) (holding that application of the double jeopardy clause is limited to proceedings which are "essentially criminal"); Porter v. Selsky, 287 F. Supp.2d 180, 190 (W.D.N.Y. 2003) (collecting cases and noting that "several lower federal courts within the [Second] circuit, as well as the New York Court of Appeals, have . . . routinely rejected state prisoners' double jeopardy challenges to disciplinary sanctions imposed under DOCS' administrative scheme, adhering to the traditional rule that prison disciplinary sanctions do not trigger the protections of the double jeopardy clause"); Lisbon v. Goord, No. 02 Civ. 35672003 WL 1990291, at *2 (S.D.N.Y. Apr. 29, 2003)("[T]he double jeopardy clause is limited to criminal proceedings and [thus it] 'does not pertain to prison disciplinary hearings."); see also Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir.1994); Branch v. Jordan, 457 F.Supp.2d 895, 896 (N.D.Ind. 2006); Shabazz v. Marberry, No. 2:06-cv-10922, 2006 WL 1555987, at *5 (E.D.Mich. June 5, 2006); Dodd v. Smith, No. 3:CV 05 1802, 2005 WL 2234642, at *3 (M.D.Pa. Sep. 14, 2005).

In sum, Petitioner's claim is not cognizable on habeas review and this Court recommends that Nimmons' petition be DISMISSED.

### IV. CONCLUSION

For the reasons stated above, the Court recommends that Keith Nimmons' petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:   October 23, 2008
Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

### V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

October 23, 2008

Victor E. Bianchini
United States Magistrate Judge